UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.C., individually and on behalf of K.C.,<br><br>       Plaintiffs,<br><br>     v.<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>       Defendant. | 24-CV-1772 (RA)<br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION |

RONNIE ABRAMS, United States District Judge:

  Plaintiff M.C., on behalf of her disabled minor daughter, K.C., initiated this action against Defendant, the New York City Department of Education ("DOE"), on March 7, 2024. M.C. seeks to recover attorney's fees under the fee-shifting provisions of the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(3) (the "IDEA"). After successfully obtaining certain accommodations for K.C. in an administrative proceeding, Plaintiff seeks $93,155 in attorney's fees and costs for both the underlying proceeding and the present action. Plaintiff filed a motion for summary judgment on October 23, 2024, which this court referred to Magistrate Judge Robert W. Lehrburger. On August 1, 2025, Judge Lehrburger issued a Report and Recommendation ("Report") recommending that this Court grant M.C.'s motion for summary judgment, while reducing Plaintiffs' ultimate recovery.

  Pending before the Court are DOE's objections to the Report. Defendant challenges the Report's recommendations as to (1) the appropriate reduction to be applied to the hours billed by law-student interns working on K.C.'s administrative proceeding, and (2) whether the IDEA's statutory cap on attorneys' fees applies. For the reasons that follow, the Court adopts the

conclusions of Judge Lehrburger's thorough and well-reasoned Report. M.C.'s motion for summary judgment is granted.

## BACKGROUND[1]

M.C.'s attorneys initiated the underlying administrative hearing on September 25, 2020, filing a due process complaint ("DPC") and requesting an administrative hearing with DOE. DOE 56.1 ¶ 8 (Dkt. No. 20-1). The DPC sought several remedies for K.C., who is classified as a student with a disability by the DOE's Committee on Special Education. *Id.* ¶ 7. M.C. engaged DOE in four hearings on the issue of placing K.C. in a school for the deaf during the pendency of the administrative proceedings, which, taken together, lasted three hours and 24 minutes. Hill Decl. ¶ 17 & Ex. E (Dkt. No. 21); Hill Reply Decl. Ex. S (Dkt. No. 33); Report at 3. The ultimate due process hearing before IHO John Farago lasted approximately 45 minutes, at which neither party presented witnesses nor produced evidence; instead, the parties confirmed the agreed-upon terms of relief on the record. Kazi Decl. ¶ 11 (Dkt. No. 28). On March 12, 2021, IHO Farago issued the Findings of Fact and Decision ("FOFD"), which granted almost all the relief requested by M.C. in the DPC. DOE 51.6 ¶¶ 16–17; Hill Decl. Ex. J (Dkt. No. 21-10).

M.C. has been represented by Lincon Square Legal Services ("LSLS") since before the DPC was filed. Hill Decl. ¶ 9 (Dkt. No. 21). LSLS houses a clinical law program through which Fordham University School of Law students may provide free legal services to low-income students under faculty supervision. *Id.* at ¶ 4. M.C. has been represented by a rotating roster of LSLS law-student interns throughout the underlying administrative hearings and this case,

---

[1] The Court assumes the parties' familiarity with the facts and procedural history underlying the motion, as described at length in the Report, and sets forth only those facts necessary for the instant Opinion and Order, all of which are undisputed.

2

supervised by attorney Leah A. Hill, a Clinical Law Professor and Ann Moynihan Distinguished Clinical Research Scholar at Fordham University School of Law. *Id.* ¶¶ 1, 19–27.

The instant action to collect attorneys' fees commenced on March 7, 2024. *See generally* Dkt. No. 1 ("Compl."). Six months after this action was filed, on September 17, 2024, DOE made an offer of settlement of $21,300, which M.C. rejected. Moraru Decl. ¶ 13 (Dkt. No. 27). In her motion for summary judgment, filed on October 23, 2024, M.C. seeks to recover $94,645 in attorney's fees, of which $79,565 resulted from work done during the administrative proceedings and $15,080 from work on the fee application, as well as costs. Dkt. No. 23 ("Pl's Mem. Supp. Summ. J.") at 9; Hill Decl. Ex. B (Dkt. No. 21-2); Report at 4. This Court referred M.C.'s motion to Magistrate Judge Robert W. Lehrburger for a Report and Recommendation on April 28, 2025. Dkt. No. 35. On August 4, 2025, Judge Lehrburger issued his Report, recommending that M.C.'s motion be granted with certain modifications to the rates and hours billed by Professor Hill and the LSLS interns. Dkt. No 36. DOE timely filed its objections to the Report on August 18, 2025, Dkt. No. 37 ("Def's Objs."), to which M.C. responded. Dkt. No. 39 ("Pl's Opp.").

**LEGAL STANDARD**

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). "Whereas the court must make a de novo determination of the portions of the report to which timely objections are made, with respect to the uncontested portions of a report and recommendation, a district court need only satisfy itself that there is no clear error on the face of the record." *Gomez v. Brown*,

3

655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009).[2]  If objections are made but they are "nonspecific or merely perfunctory responses . . . argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," the clear error standard applies. *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 & n.4 (2d Cir. 2022).  Because DOE's objections are specific and not merely perfunctory, the court will consider the aspects of the Report to which DOE objects de novo.

## DISCUSSION

### I. Reductions to the Hours Billed by LSDS Interns on the Administrative Proceeding

DOE objects to the Report's reduction of the hours billed by the Fordham law students engaged in clinical work on M.C.'s case for LSLS, arguing that the Report's reduction should have been significantly higher.  LSLS interns billed 517.1 hours on M.C.'s administrative proceeding.  After a rigorous evaluation of the LSLS interns' billing records, Judge Lehrburger recommended a 30% reduction to those hours, resulting in a recommended award of $44,476.25 for this work.  DOE insists that the Report should have applied a 75% reduction instead.  Upon de novo review, the Court finds that a 30% reduction in LSLS intern hours for M.C.'s administrative proceeding is reasonable.

As Judge Lehrburger explains, "[r]easonable attorneys' fees under the IDEA are calculated using the lodestar method, whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Streck v. Bd. of Educ.*, 408 F. App'x 411, 415–16 (2d Cir. 2010) (summary order); Report at 4–5.  Courts also consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*,

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, omissions, and alterations.

488 F.2d 714, 717–19 (5th Cir. 1974). Report at 5–6. Hours that are "excessive, redundant or otherwise unnecessary" should be excluded from the lodestar calculation, typically by "deduct[ing] a reasonable percentage of the number of hours claimed." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). District courts may exercise "discretion to make across-the-board percentage reductions to exclude unreasonable hours," *Abraham v. Leigh*, No. 17 Civ. 5429, 2020 WL 5512718, at *8 (S.D.N.Y. Sept. 14, 2020), "to do rough justice, not achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

As DOE notes, the Report rightly identified several categories of hours claimed by LSLS interns as "excessive." Report at 24. First, LSLS engaged in some degree of redundant billing: as students left the clinical program at the end of a given semester and new students rolled onto the case, the new interns would typically bill "several hours" to review material, including transition memos prepared by outgoing students. *Id.* DOE asserts that new interns spent a total of 59.5 hours reviewing the case file. Dkt. 24 ("Def's Mem. Op. Summ. J.") at 16. Second, LSLS interns' billing records frequently contained vague entries or documented correspondence without describing the subject matter. Report at 25. And third, the Report notes that LSLS interns billed "228.2 hours in connection with the minimally contested hearings alone, . . . [which] far surpasses that of many other IDEA cases in this District." *Id.* The Court agrees.

The Court also agrees, however, that other forms of billing identified by DOE as excessive, including the hours spent implementing the FOFD and preparing for M.C.'s uncontested due process hearing, were not unreasonable. *Id.* at 21–22. As the Report notes, many of DOE's arguments related to specific categories of tasks for which LSLS interns billed are "conclusory," with little reason provided as to why billing on a given task was excessive

5

beyond DOE's "say-so." *Id.* at 22. So, too, with DOE's argument that LSLS interns engaged in excessive billing in 0.1-hour increments for tasks it asserts should have taken "mere moments." Def's Mem. Opp. Summ. J. at 16. The Court shares Judge Lehrburger's view that "[a]ll DOE has shown is that there were 30 [0.1]-hour billing entries in the billing records; it has not, however, demonstrated that their use improperly inflated hours." Report at 24. Nothing in DOE's objections convinces the Court otherwise.

In general, a "law student's time is compensable in an award of attorney fees at the same rate of a paralegal." *Williams v. N.Y.C. Hous. Auth.*, 975 F. Supp. 317, 326 (S.D.N.Y. 1997). The Report recommended a rate of $125 per hour for the LSLS interns, following a line of caselaw holding that "absent substantial experience, paralegals should be compensated at $100 to $125 per hour for IDEA cases." Report at 15; *see, e.g.*, *M.C. ex rel. E.C. v. Dep't of Educ.*, No. 12 Civ. 9281, 2013 WL 2403485, at *7 (S.D.N.Y. June 4, 2013) ("Law student interns should be compensated at rates similar to those charged by paralegals in the prevailing market."); *M.H. v. N.Y.C. Dep't of Educ.*, No. 23-CV-6714, 2024 WL 5715891, at *8 (S.D.N.Y. July 18, 2024).[3] Recognizing that clinical student work is both less expensive and more inefficient than that of experienced IDEA counsel, Judge Lehrburger ultimately recommended a 30% reduction in LSLS

---

[3] DOE objects that the Report erred by "failing to account for the exceedingly low real cost of the litigation" because LSLS interns are not compensated for their time. Def's Objs. at 6. While DOE raised a similar argument in their memorandum in opposition, *see* Def's Mem. Opp. Summ. J. at 6, it was not addressed in either Judge Lehrburger's Report or M.C.'s briefing.

This argument is unavailing because the "real cost" of attorney services should not be considered in an IDEA attorneys' fee award. The IDEA provides that fees awarded must be "reasonable" and "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)–(C). Section 1415, like other fee-shifting statutes, thus permits a district court to set reasonable rates "based only on the attorney's community and her comparative experience and skill," rather than the "identity of the lawyers involved." *Moon v. Gab Kwon*, No. 99 Civ. 11810, 2002 WL 31512816, at *2 (S.D.N.Y. Nov. 8, 2002) (discussing the Fair Labor Standards Act); *M.S. v. N.Y.C. Bd. of Educ.*, No. 01 Civ. 4015, 2002 WL 31556385, at *5 (S.D.N.Y. Nov. 18, 2002) ("It is well settled that attorneys at not-for-profit organizations representing plaintiffs on a no-fee basis are to be awarded fees at the same rate charged by comparable private attorneys in the relevant community."). Consequently, Section 1415 bars consideration of an individual firm or organization's cost structure when evaluating what rates are reasonable.

student hours for M.C.'s administrative proceeding to account for the instances of excessive billing identified in the Report. *See* Report at 26–27.

DOE's primary objection here is that the Report should have applied a 75%, instead of a 30%, reduction to the "highly excessive" hours billed by LSLS interns on M.C.'s administrative proceeding. Def's Objs. at 7. The Court disagrees.

The Court recognizes that "[t]he very nature of a clinical practice—one in which legal representation is combined with student instruction—often necessitates a substantial reduction to the number of hours requested in an application for attorneys' fees," and that "[i]t is the fee applicant's duty to exercise good faith billing judgment to adjust for" the inefficiencies inherent in clinical practice "prior to making a request for attorneys' fees." *M.C.*, 2013 WL 2403485, at *11–12. M.C. did preemptively reduce the hours billed by LSLS interns, but provided limited detail about the nature and extent of these reductions. Pl's Mem. Sup. Summ. J. at 8 ("LSLS deleted any entries that were purely academic, deleted at least two interns whose work was inconsequential, or limited, and eliminated entries that were inherently duplicative.") Indeed, as the Report correctly observes, on this record, it is difficult to properly assess the extent and reasonableness of preemptive reductions in student hours made in advance of the fee application, which weighs in favor of a greater reduction of these hours. Report at 27–28; *see Gavin-Mouklas v. Info. Builders, Inc.*, No. 97 Civ. 3085, 1999 WL 728636, at *3 (S.D.N.Y. Sept. 17, 1999) (requiring an explanation of how preemptive reductions were arrived at and why they were reasonable).

Nonetheless, DOE's proposed 75% reduction in student hours is unreasonable. The Court shares Judge Lehrburger's view that the LSLS interns "billed more than what the Court would expect an attorney to reasonably spend on this case," particularly given the high number

7

of hours spent preparing for uncontested hearings and onboarding new interns to the case. Report at 28. And it is clear that "a fair amount of duplication," as well as "some inefficiency and waste" is "inevitable" given the realities of clinical law practice, *Burr by Burr v. Sobol*, 748 F. Supp. 97, 101 (S.D.N.Y. 1990), which may warrant "substantial reductions in the hours charged" by a law-school legal clinic. *Moon v. Gab Kwon*, No. 99 Civ. 11810, 2002 WL 31512816, at *3 (S.D.N.Y. Nov. 8, 2022). But, as the Report concluded, the lower hourly rate charged by LSLS interns supports a less-drastic cut than would be appropriate if these hours had been billed by experienced attorneys. *Id.* at 26; *see, e.g.*, *Gavin-Mouklas*, 1999 WL 728636, at *4; *K.L. v. Warwick Valley Cent. Sch. Dist.*, No. 12 Civ. 6313, 2013 WL 4766339, at *11–12 (S.D.N.Y. Sept. 5, 2013), *aff'd*, 584 F. App'x 17 (2d Cir. 2014).

DOE points to only one case in which a court in this district applied a cut to hours billed in an IDEA case of similar magnitude to the 75% reduction it seeks here. In *K.L.*, the court reduced 26 hours of attorney time spent on a "straightforward" administrative settlement to 10 hours—approximately a 62% reduction—due in large part to "the amount of intersecting work of experienced attorneys and paralegals." *K.L.*, 2013 WL 4766339, at *11–12. The *K.L.* court declined to reduce the hours billed by paralegals. *Id.* at *11 ("In a straightforward settlement case such as this, . . . [the] efficient delegation of responsibility to capable paralegals is to be encouraged and commended."). No such duplicative work between experienced attorneys and paralegals is present here.

Indeed, many of the cases DOE invokes apply a similar or lighter reduction in hours to instances of excessive billing by IDEA practitioners. *See, e.g.*, *Y.S. v. N.Y.C. Dep't of Educ.*, No. 21-CV-2159, 2022 WL 4096071, at *5 (S.D.N.Y. Sept. 6, 2022) (applying a 20% reduction in a "relatively straightforward case" managed by experienced attorneys "that did not appear to

implicate difficult legal questions, which culminated in an uncontested hearing on the merits that lasted less than 30 minutes"); *J.R. v. N.Y.C. Dep't of Educ.*, No. 19-CV-11783, 2021 WL 3406370, at *5 (S.D.N.Y. Aug. 4, 2021) (similar).  Here, a slightly greater reduction in hours is warranted to account for both the "unavoidable inefficiency . . . inherent in clinical law practice" and the instances of overbilling identified in the Report, but DOE has not shown that a cut as high as 75% is reasonable.  *Moon*, 2002 WL 31512816, at *4; Report at 24–25.

As a result, upon a de novo review, the Court finds that reducing the LSLS law students' hours spent on M.C.'s administrative hearing by 30% is appropriate to achieve "rough justice." *See Fox*, 563 U.S. at 838.

## II.   Application of the IDEA's Fee Cap

DOE also objects to the Report by asserting that the IDEA's fee cap should apply so as to reduce the total amount of fees awarded.  Not so.

The IDEA provides that a court may "award reasonable attorneys fees as part of the costs" "in any action or proceeding brought under this section" to a "prevailing party" such as M.C.[4]  20 U.S.C. § 1415(i)(3)(B)(i).  However, if a settlement offer is made to a plaintiff, the IDEA's fee cap may apply, depending on both the timing of a settlement offer and its amount.

The IDEA "prohibits all awards rendered *after* a written offer of settlement is made to a parent if:  (1) 'the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins'; (2) 'the offer is not accepted within 10 days'; and (3) 'the court or administrative hearing officer finds that the relief finally obtained by the parents is not more

---

[4] It is undisputed that M.C. is entitled to attorney's fees as a "prevailing party" under the IDEA in the underlying administrative proceedings.  *See, e.g.*, *A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 74–77 (2d Cir. 2005).

9

favorable to the parents than the offer of settlement.'" *J.G. v. N.Y.C. Dep't of Educ.*, 719 F. Supp. 3d 293, 315 (S.D.N.Y. 2024) (quoting 20 U.S.C. § 1415(i)(3)(D)(i)).[5]

The IDEA's fee cap can therefore be triggered by offers made at two different times. It applies when a settlement offer is made more than ten days before the start of an administrative proceeding and not accepted within ten days. It also applies if an offer is made "within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure," which is "at least 14 days before the date set for trial" in a federal action. 20 U.S.C. § 1415(i)(3)(D)(i); Fed. R. Civ. P. 68; *see A.S. on behalf of T.B. v. N.Y.C. Dep't of Educ.*, No. 23 Civ. 4580, 2024 WL 4354894, at *11 (S.D.N.Y. Sept. 30, 2024).

So long as the fee cap's timing rules are met, "[a] plaintiff may not recover fees or costs for services performed after receipt of a written offer of settlement that exceeds the relief awarded" for the services that had been performed when the settlement offer was made. *S.F. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 11147, 2023 WL 4531187, at *13 & n.15 (S.D.N.Y. July 13, 2023). "Alternatively, when courts find that the fees and costs a plaintiff is entitled to through the date of the settlement offer exceeded the offered amount, they award fees for work performed after that date (though, if appropriate, at a reduced rate)." *C.L. v. N.Y.C. Dep't of Educ.*, No. 21-CV-7094, 2022 WL 4585583, at *6 (S.D.N.Y. Sept. 29, 2022).

Judge Lehrburger found the IDEA's fee cap to be "inoperative" because (1) DOE's settlement offer fell outside Section 1415(i)(3)(D)(i)'s timing provisions, and (2) "the relief M.C. will receive exceeds DOE's offer." Report at 9. DOE objects, contending that the settlement offer was "within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure" and

---

[5] Furthermore, a district court may still award attorney's fees for work performed after a rejected settlement offer where "the parent had a good-faith, reasonable belief that they were substantially justified in rejecting the offer." *N.G.B. v. N.Y.C. Dep't of Educ.*, 146 F.4th 195, 205 (2d Cir. 2025); *see also* 20 U.S.C. § 1415(i)(3)(E). This element of the fee cap is not at issue in this case.

greater than the value of legal services provided to M.C. on September 17, 2024. Def's Objs. at 2, 8. Although the Court agrees that DOE's settlement offer was timely under the IDEA's fee cap, it was below the fair valuation of the legal services rendered to M.C at the time the settlement offer was made. Upon de novo review, the Court therefore shares the Report's ultimate conclusion that the IDEA's fee cap does not apply to this action.

### A. Timing

DOE correctly observes that the timing of its settlement offer triggers the IDEA's fee cap. Section 1415(i)(3)(D)(i) adopts the timing rules of Federal Rule of Civil Procedure 68 for settlement offers in actions in federal court to recover attorney's fees under the IDEA: namely, they must be made "at least 14 days before the date set for trial." F.R.C.P. 68.

The Report recommended that the fee cap should not apply, in part by applying the IDEA's timing rules for settlement offers before an administrative hearing occurs, but failed to consider whether DOE's offer complies with Rule 68. Report at 9, 20 U.S.C. § 1415(i)(3)(D)(i). Because an action to recover attorney's fees under Section 1415 is clearly "an action or proceeding brought under this section," *see* 20 U.S.C. § 1415(i)(3)(D)(i), the IDEA's fee cap applies equally to settlement offers tendered both before a plaintiff's administrative hearing and after a complaint has been filed in district court, as in the instant case. *See Vultaggio ex rel. Vultaggio v. Bd. of Educ.*, 216 F. Supp. 2d 96, 105 (E.D.N.Y. 2002) ("It is reasonable to assume, then, from the plain language of the IDEA, that the proceedings referred to in the attorneys' fee provision include only actions and proceedings referred to in the statute, *i.e.*, civil actions and due process hearings.").

M.C. argues that DOE's settlement offer could not comply with Rule 68 because no trial date had been set in this case when it was made. Pl's Opp. at 4. But there is no requirement that

11

a trial date be set for a settlement offer to comply with Rule 68's timing rules. Other courts in this district have found settlement offers in IDEA attorney's fees actions to comply with Rule 68—and the timing rules of the IDEA's fee cap—so long as they were made "more than fourteen days before any trial would have begun." *A.S.*, 2024 WL 4354894, at *11; *see, e.g.*, *id.* (noting that "courts routinely apply the IDEA's fee cap to . . . written offers of settlement made in the course of federal litigation" over attorney's fees); *J.G.*, 719 F. Supp. 3d at 299, 315 (settlement offer made more than three months after attorney's fee recovery action was filed); *G.R. v. N.Y.C. Dep't of Educ.*, No. 23 Civ. 3948, 2024 WL 3534406, at *2, 7 (settlement offer made approximately five months after attorney's fee recovery action was filed). This is unsurprising: "it is well accepted that once a suit is filed, a defendant may make a Rule 68 offer, and it need not wait until plaintiff has completed any discovery, provided that the offer must be made more than fourteen days before trial begins." *A.S.*, 2024 WL 4354894, at *11. The Second Circuit, in a recent case, did not take issue with the timing of a settlement offer made more than six months after an IDEA attorney's fee recovery action was filed. *N.G.B.*, 146 F.4th at 197–98.

Accordingly, because DOE's settlement offer was made more than fourteen days before any trial would have been held, it complies with the timing rules of Rule 68 as incorporated into Section 1415(i)(3)(D)(i).

### B. Amount

Nevertheless, the IDEA's fee cap does not apply because DOE's offer of settlement for attorney's fees was less than the reasonable fees for the services rendered to M.C. by September 17, 2024, the date the $21,300 settlement offer was tendered. At that point, M.C. was, as discussed above, reasonably owed $47,436.25 for the legal services rendered during the administrative proceeding, and $10,281.60 for the fee application (filed on March 7, 2024), for a

total of $57,717.85. Report at 31. IDEA's fee cap in Section 1415(i)(3)(D)(i) thus does not apply because the "relief obtained for pre-Offer attorneys' fees . . . is more favorable than the amount offered by [Defendant] for the same period." *J.A. v. N.Y.C. Dep't of Educ.*, No. 22-CV-9454, 2023 WL 7273742, at *3 (S.D.N.Y. Nov. 3, 2023).

## CONCLUSION

For the foregoing reasons, M.C.'s motion for summary judgment for attorney's fees is GRANTED, subject to the modifications proposed in Judge Lehrburger's Report. No later than October 14, 2025, Plaintiffs shall submit a proposed judgment consistent with this decision. The DOE will have until October 28, 2025 to lodge any objections to the judgment. The Clerk of Court is respectfully directed to terminate the motion pending at docket 20.

SO ORDERED.

Dated:   September 30, 2025
         New York, New York

                                        Ronnie Abrams
                                        United States District Judge